#### 28222.  McCOY *v.* THE STATE.

DECIDED MAY 1, 1940.

*R. A. McGraw,* for plaintiff in error.
*Hubert Calhoun, solicitor-general,* contra.

BROYLES, C. J. The defendant was tried in the superior court of Talbot county on an indictment charging him with operating an automobile, while under the influence of intoxicating liquors and drugs, on a public highway in that county. He was convicted; his motion for new trial was overruled, and that judgment is assigned as error. Before pleading generally to the indictment, the accused filed his plea of former jeopardy. A traverse to the plea was filed; and by agreement of counsel the issue thus raised went to trial before the court and jury, along with the issue raised by the indictment and the plea of not guilty. After the evidence had closed, the court overruled the plea of former jeopardy, and directed the jury to pass only upon the issue raised by the indictment and the plea of not guilty. Error is assigned on that ruling.

■ The plea of former jeopardy alleged that the accused, before his trial in this case, had been tried for the same offense and acquitted in Meriwether County by the ordinary of that county. It appears, however, from the undisputed evidence in this case, that the officer who arrested the accused, not being well acquainted with the line separating Meriwether and Talbot counties, mistakenly thought the accused was driving his automobile in Meriwether County, whereas, as a matter of fact, he was operating it, when arrested, in Talbot County. It is also apparent from the evidence and the legal deductions therefrom that the defendant was acquitted on his trial in Meriwether County, for the reason that that county had no jurisdiction of an offense committed in Talbot County. That being true, the defendant was not put in jeopardy on that trial. The overruling of the plea was not error.

■ The verdict was amply authorized by the evidence. The contention that the State failed to prove that Willie McCoy, the person on trial, was the same person who had committed the alleged offense is without merit. The excerpts from the court's charge as complained of, when considered in the light of the entire charge and the facts of the case, show no cause for a reversal of the judgment. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*