## 54224. THE STATE v. RAMSEY.

BANKE, Judge.

The defendant was tried, convicted, and sentenced in the City Court of East Point for the offense of theft by taking. The charge involved the taking of two United States flags belonging to the city. He was subsequently charged with the same crime in an accusation which issued from the Criminal Court of Fulton County, now the State Court of Fulton County. The defendant moved to dismiss the accusation, pleading double jeopardy. The trial court sustained the motion, and the state filed this appeal.

The state is correct in its contention that the City Court of East Point was without jurisdiction to try the defendant for theft by taking. That court has jurisdiction only over "offenses against the laws and ordinances of said city" (Ga. L. 1972, p. 2196, section 98) and not over state offenses. For this reason, the trial court erred in dismissing the accusation on ground of double jeopardy. "A party who has been tried and convicted by a court not

having jurisdiction of the offense cannot plead prior jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof." *Barrs v. State,* 22 Ga. App. 642 (97 SE 86) (1918). See *McCoy v. State,* 62 Ga. App. 575, 576 (1) (8 SE2d 795) (1940).

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED JULY 12, 1977 — DECIDED SEPTEMBER 6, 1977.

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers, Assistant Solicitors,* for appellant.

*Thompson, Stovall, Stokes & Thompson, Fletcher Thompson,* for appellee.