## 55159. BROCK v. THE STATE.

QUILLIAN, Presiding Judge.

We granted this interlocutory appeal from a ruling of the trial court denying defendant's plea of double jeopardy. Defendant was the driver of an automobile involved in a collision with another automobile on July 3, 1976, in which Michael E. McLendon was killed. As a result of that incident he was charged with driving at an excessive rate of speed, driving on the left side of the roadway, and driving with ability impaired by alcohol.

On December 20, 1976, the defendant was tried in the State Court of Thomas County. He entered pleas of "nolo contendere" to an accusation charging him with driving 65 miles per hour in a 55 mph zone, and operating a motor vehicle under the influence of intoxicants. The accusation of driving on the wrong side of the road was marked "Nolle prosequi." The defendant was sentenced and fined by the court for those offenses.

In the meantime the defendant had been indicted by the grand jury for "homicide by vehicle in the first degree," charging that on "July 4, 1976," he did "cause the death of Michael Edward McLendon a human being through the violation of Georgia Code Section 68A-901 Reckless Driving, in that the said accused drove his vehicle in reckless disregard for the safety of Michael Edward McLendon and through the violation of Georgia Code 68A-902 Driving with ability impaired by alcohol, in that the said accused drove his vehicle while he was under the influence of alcohol and while in commission of said acts, said acts caused the vehicle driven by said accused to strike, hit, and collide with another vehicle in said opposite lane of Georgia Highway 84 Thomas County Georgia" causing

the death of Mr. McLendon.

In his argument to the trial court on the plea of double jeopardy, the defendant stressed two basic objections. The first part of his objection was that the two offenses charged in the indictment as the basis for alleging homicide by motor vehicle were lesser included offenses for which the defendant had been previously convicted. His second prong of attack was that under Code Ann. § 26-506 (b), the fact that the several crimes arose from the same conduct was known to the prosecuting officer at the time of commencing the prosecution, and were within the jurisdiction of a single court, therefore they must be prosecuted in a single prosecution.

It was stipulated that all of these acts arose "out of an occurrence of the same date." However, the state argued that there was no plea to reckless driving in the state court and the state court did not have jurisdiction of the homicide by vehicle charge, and the statute provides that the offenses must be "within the jurisdiction of a single court. . ." Code Ann. § 26-506 (b) (Ga. L. 1968, pp. 1249, 1267).

The state also argued that the offense of driving under the influence of alcohol occurred before the offense of vehicular homicide, therefore the court was not dealing with the "same offense."

Defendant's motion was overruled, the trial court issued a certificate of immediate review and we granted this interlocutory appeal. *Held:*

The landmark decision in Georgia on double jeopardy is *State v. Estevez,* 232 Ga. 316 (206 SE2d 475). Therein, the court noted that until adoption of the 1968 Georgia Criminal Code questions of double jeopardy were determined under the criteria contained in the United States and Georgia Constitutions. However, those provisions are now "minimum standards" as the "1968 Georgia Criminal Code has expanded the proscription of double jeopardy beyond that provided in the United States and Georgia Constitutions. . . Therefore, questions of double jeopardy in Georgia must now be determined under the expanded statutory proscriptions [Code Ann. §§ 26-505, 26-506, 26-507]." 232 Ga. p. 317.

Code Ann. § 26-506 (b) (CCG, Ga. L. 1968, pp. 1249,

1267) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c)." Subsection "c" is not applicable here.

It is evident that these offenses arose from the "same conduct" in the "same transaction." Although the heading of Code Ann. § 26-506 relates to "Multiple prosecutions for same conduct" it actually proscribes multiple convictions and successive prosecutions for the "same conduct." The bar to "successive prosecutions" is distinct from the bar to "multiple convictions" but they are frequently confused and "indiscriminately intermingled." *State v. Estevez*, 232 Ga. p. 318, supra: Defendant bases his appeal on both types but we need not reach the issue of multiple convictions as we will dispose of this case under the "successive prosecutions" bar.

The bar to successive prosecutions is referred to as the procedural aspect of double jeopardy and is intended to prevent harassment of an accused. *Keener v. State*, 238 Ga. 7, 8 (230 SE2d 846). The codal requirement that "[i]f the several crimes arising from the same conduct . . . are within the jurisdiction of a single court, they must be prosecuted in a single prosecution," is our procedural bar to successive prosecutions. It is evident from the face of the indictment and the accusations that the dates of all offenses were the same and arose from the same conduct. Thus, if they were known to the prosecutor and within the jurisdiction of a "single court" successive prosecutions would be barred.

The state's argument that the state court could not try the felony charge of vehicular homicide belies the obvious. The statute requires only that if the several offenses "arising from the same conduct. . .are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." Code Ann. § 26-506 (b), supra. All of the known offenses were within the jurisdiction of a single court — the superior court. See Code §§ 24-2615, 2-3301; *Nobles v. State*, 81 Ga. App. 229 (2) (58 SE2d 496).

The United States Supreme Court held that "[p]rosecutions of the same defendant in different courts

of the same state, one prosecution being for [a felony] and the other being for [a misdemeanor which was included in the felony offense], must be viewed as the acts of a single sovereign under the double jeopardy clause of the Fifth Amendment." Brown v. Ohio, 432 U. S. 161 (2) (97 SC 2221, 53 LE2d 187).

The state's argument that the offenses of driving under the influence of alcohol occurred before the offense of vehicular homicide, therefore they are not "the same offense," is untenable. The prosecutor stated: "It is the State's position in this case that once the accident began, once the homicide was completed, a new separate and distinct offense began at that point in time." We interpret the prosecutor's statement as argument that one person can commit two offenses by one act, but in this instance the defendant was committing the offense of driving under the influence of alcohol — up until the time of the accident, and then — once the accident began, the separate and distinct offense of vehicular homicide occurred at that point in time. We do not agree.

In Brown v. Ohio, 432 U. S. 161, supra, the U. S. Supreme Court dealt with a defense of double jeopardy in which a defendant pleaded guilty to a misdemeanor offense of "joyriding" in the state court of Ohio, and thereafter pleaded guilty to a felony charge of "auto theft" in another court, *where both crimes arose from the same taking.* Under Ohio law the offense of "joyriding" was a lesser included offense of "auto theft." The court held that "prosecutions of the same defendant in different courts of the same state, one prosecution being for auto theft [felony] and the other being for joyriding [mis-demeanor] . . . must be viewed as the acts of a single sovereign under the double jeopardy clause of the Fifth Amendment . . . [C]ourts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial...Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one for the purposes of the double jeopardy clause of the Fifth Amendment is whether each provision requires proof of a fact which the

other does not . . . if two offenses are the same under this test, thus barring consecutive sentences at a single trial, they necessarily will be the same for purposes of barring successive prosecutions . . . For purposes of the double jeopardy clause of the Fifth Amendment, a lesser included offense requires no proof beyond that which is required for conviction of the greater offense, and the greater offense is therefore by definition the 'same' for purposes of double jeopardy as any lesser offense included in it." Brown v. Ohio, supra, see Hn. 2, 5, 9 and 12. Thus, Brown is decisive on the issue of whether the offense of driving with ability impaired by alcohol and the vehicular homicide are separable if the misdemeanor offense is included in the felony.

The Georgia vehicular homicide statute is unique in that it proscribes "the death of another person through the violation of section 68A-901 [Reckless driving], section 68A-902 [Driving with ability impaired by alcohol or drugs], or section 68A-904 (a) [Not applicable here]. . ." Code Ann. § 68A-903 (CCG, Ga. L. 1974, pp. 633, 674; 1976, p. 977). Thus, the homicide offense may be proved only by proving violation of another statute — which necessarily includes proof of all of the elements of the other offense. This automatically makes the other offense a lesser included offense of the homicide statute under the test set forth in Code Ann. § 26-505 (CCG, Ga. L. 1968, pp. 1249, 1267) and Brown, supra. This also makes the lesser included misdemeanor offense inseparable from the felony charge of vehicular homicide for purposes of double jeopardy. Brown v. Ohio, supra. See also Chumley v. State, 235 Ga. 540 (2) (221 SE2d 13).

"Where crimes are tried separately it is generally held that if multiple convictions arising out of a single prosecution are barred they will likewise be barred from successive prosecution. Therefore when crimes are to be prosecuted separately the more serious known crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime." Keener v. State, 238 Ga. 7, 8, supra. There is no merit in this aspect of the state's contention.

In the instant case, all known charges should have been prosecuted in the same court at the same time.

Prosecution of the misdemeanor charge in the lower court prevents successive prosecution in a higher court on a felony charge, where all charges arose from the same conduct, were within the jurisdiction of a single court — the superior court, and were known to the prosecutor at the time of commencing the prosecution in the lower court. Code Ann. § 26-506 (b); *State v. Estevez,* 232 Ga. pp. 318-319, supra.

*Judgment reversed. Webb and McMurray, JJ., concur.*

ARGUED JANUARY 12, 1978 — DECIDED MAY 3, 1978 — REHEARING DENIED MAY 26, 1978.

*Altman & McGraw, Harry Hay Altman, II,* for appellant.

*H. Lamar Cole, District Attorney, Alden W. Snead, Assistant District Attorney,* for appellee.