## 62433. MANN v. THE STATE.

SHULMAN, Presiding Judge.

When appellant was stopped by the police for driving erratically, a plastic bag containing marijuana and several pills was found on the front seat of his car. Charged by accusation with misdemeanor possession of less than one ounce of marijuana, appellant entered a guilty plea in the State Court of Spalding County. Appellant was subsequently indicted, tried and convicted for possession of amobarbital and secobarbital, the pills found in the bag with the marijuana. In the course of that felony prosecution in the Superior Court of Spalding County, appellant entered a plea of former jeopardy based on Code Ann. § 26-506 (b). The trial court rejected that plea. We find that the protection of Code Ann. § 26-506 (b) should have been extended to appellant, and we reverse his felony

conviction.

"If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . ." Code Ann. § 26-506 (b). "A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . resulted in either a conviction or an acquittal, and the subsequent prosecution . . . was for a crime with which the accused should have been charged on the former prosecution . . ." Code Ann. § 26-507 (b) (1).

The Code sections quoted in pertinent part above constitute Georgia's statutory bar to successive prosecutions, the procedural aspect of double jeopardy. *Brock v. State,* 146 Ga. App. 78 (245 SE2d 442). The trial court found those provisions inapplicable to the present case for two reasons: it did not consider possession of two different drugs to be "the same conduct," and did not consider the misdemeanor and the felony to be within the jurisdiction of a single court since the state court in which the guilty plea was entered did not have felony jurisdiction.

The second of the trial court's grounds for rejecting appellant's plea of former jeopardy was firmly rejected by this court in *Brock:* "The statute requires only that if the several offenses 'arising from the same conduct . . . are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.' Code Ann. § 26-506 (b) . . . All of the known offenses were within the jurisdiction of a single court — the superior court. See Code §§ 24-2615, 2-3301; *Nobles v. State,* 81 Ga. App. 229 (2) (58 SE2d 496)." Id., p. 80.

We find the first ground equally incorrect. The state argued at trial and on appeal that the two possession offenses did not arise out of the same conduct because the drugs were different. The state has apparently confused the notion of "same offense" with the notion of "same conduct." Clearly there were two offenses here for which appellant could be convicted: misdemeanor possession of marijuana and felony possession of amobarbital and secobarbital. But there was *one* transaction involved; the possession arose out of the same conduct. This situation is analogous to that in *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3), affd. 242 Ga. 285 (248 SE2d 659). There, the defendant entered guilty pleas to charges of driving while intoxicated and driving with a previously revoked driver's license. He was subsequently indicted as a habitual violator. This court affirmed the grant of the defendant's motion to quash which was grounded on a plea of former jeopardy. The reason the subsequent prosecution was barred was that all the offenses arose from the same conduct and should, therefore, have all been included in one prosecution. The two

misdemeanors in that case were both driving offenses, but were slightly different in terms of the elements to be proven. The trial court and this court both found the offenses to have arisen from the same conduct. In just the same way, although the offenses are not identical in the present case, they arose from the same conduct. "The state by its election to proceed separately as to the misdemeanor offenses is subject to the caveat that when related crimes are prosecuted separately, the more serious crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime. [Cit.] In the instant case, all known charges should have been prosecuted in the same court at the same time. Prosecution of the misdemeanor [offense] in the lower court now prevents the successive prosecution in a higher court on the felony charge, where all charges arose out of the same conduct, were within the jurisdiction of a single court, and were known to the prosecutor at the time of commencing the prosecution in the lower court. [Cits.]" *State v. Gilder,* supra, pp. 732-733.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 6, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 — 

*Marshall R. Sims,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal English, J. David Fowler, Assistant District Attorneys,* for appellee.