**STATE of Maine**

v.

**Richard RYTKY.**

Supreme Judicial Court of Maine.

Argued May 11, 1984.

Decided June 5, 1984.

---

John R. Atwood, Dist. Atty., Patricia G. Worth (orally), Asst. Dist. Atty., Rockland, for plaintiff.

Strout, Payson, Pellicani, Cloutier, Hokkanen, Strong & Levine Robert J. Levine, (orally), Rockland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Richard Rytky appeals from a conviction for Class B burglary (17–A M.R. S.A. § 401 (1983)) resulting from a jury-waived trial in Superior Court (Knox County). He contends that the Superior Court erred in failing to dismiss the indictment because he had previously been prosecuted in the District Court (Rockland) for offenses based on the same conduct and arising from the same criminal episode. He argues that he was subjected to separate trials in violation of 17–A M.R.S.A. § 14 (1983). Alternatively, defendant predicates error on the refusal of the trial justice to permit the victim's credibility to be attacked by the introduction of evidence of his reputation in the community for truth and veracity. We deny the appeal.

On the evening of September 21, 1982, defendant and his companions allegedly broke down the front door of a house in Rockland and assaulted Alan Marriner, an occupant of the house. Defendant was charged in the District Court with two Class D offenses (assault and obstructing government administration). On November 24, 1982 defendant was convicted of and sentenced on both charges in the District Court, having pleaded guilty to one charge and having been found guilty after trial on the other charge. Thereafter he was arraigned on the present burglary indictment which had been returned by the grand jury on November 3, 1982. Prior to his trial for burglary in the Superior Court, defendant moved to dismiss the indictment relying on the provisions of 17–A M.R.S.A. § 14. The motion to dismiss was denied and, following his conviction, he filed the present appeal.

■ The statutory bar to successive prosecutions reads as follows:

§ 14. *Separate trials*

A defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses were known to the appropriate prosecuting officer at the time of the commencement of the first trial and were within the jurisdiction of the same court and within the same venue, unless the court,

on application of the prosecuting attorney or of the defendant or on its own motion, orders any such charge to be tried separately if it is satisfied that justice so requires.

17–A M.R.S.A. § 14 (1983).[1] We construe section 14 as requiring joinder for trial of all related charges pending in the *same* court of which the prosecutor has knowledge. In the context of the present case, the District Court did not have jurisdiction over the Class B burglary charge and accordingly, the prosecution of the related minor offenses in that court does not bar subsequent prosecution in Superior Court.

Defendant points to the fact that all charges could have been brought in the Superior Court and that the jurisdiction of that court could have been exercised to include the minor offenses as well as the burglary. The state counters by arguing that defendant either chose to have separate trials, or at least acquiesced, by failing to accomplish a transfer to Superior Court of the minor offenses as authorized by M.D.C.Crim.R. 40. The plain language of section 14 relieves us from engaging these questions. Section 14 does not restructure the Maine court system nor does it specify that multiple charges, including both major and minor offenses, must all be commenced in, or transferred to, the Superior Court. The purpose of the statute is to bar successive prosecution of offenses "within the jurisdiction of the same court." In retrospect, it would appear that the state might have been well advised to commence all charges against defendant in the Superior Court, or that defendant might have avoided the second prosecution by transferring the minor offenses. Notwithstanding the lamentable duplication of effort which was involved in this case, section 14 does not by its terms require the dismissal of the burglary prosecution. The prosecution in the Superior Court of the major offense is not barred by the prosecution of related minor offenses in a court which has no jurisdiction over the burglary.[2]

▮ Finally, defendant argues that the presiding justice sitting without a jury committed reversible error when he refused to admit evidence of the victim Alan Marriner's reputation in the community for truth and veracity pursuant to M.R.Evid. 608(a). One of the principal issues at trial was whether defendant entered the victim's house. Marriner testified that he was dragged out of the house by defendant and then assaulted. Defendant acknowledged that he assaulted Marriner but denied that he ever went into the house. The defense called Gary Mills as a witness and he testified without objection as follows:

Q Do you know Alan Marriner?

A Yes, I do.

Q How long have you known him?

A A year and a half.

Q And do you know other people in the community that know Mr. Marriner?

A Yes, I do.

Q About how many are we talking about?

A Fifty people that I would know.

Q Have you discussed with these people in the community that know Alan Marriner what his reputation in the community for truth and veracity is?

A It isn't well liked. .

At this point the state objected and asked that the testimony be stricken, stating that the issues of the victim's reputation was

---

**1.** As originally enacted section 14 adopted the terminology of the Model Penal Code § 1.07(2) and required that the offenses be "within the jurisdiction of a single court." The current formulation referring to offenses "within the jurisdiction of the same court" results from a 1975 amendment. P.L.1975, ch. 740, § 21.

**2.** The authority cited by defendant does not persuade this Court to attribute to the Maine legislature a purpose not clearly reflected by the non-uniform language of section 14. In both *State v. Aiu*, 59 Hawaii 92, 576 P.2d 1044 (1978) and *Brock v. State*, 146 Ga.App. 78, 245 S.E.2d 442 (1978) the original language of the Model Penal Code is considered. Also, *Brock* involves a further complication in that the minor offenses are lesser included offenses to the major offense subsequently prosecuted.

not properly before the court. The following colloquy then took place:

Defense Counsel: At this time I would like to make an offer of proof with respect to character testimony that I would like to elicit on behalf of the defendant Richard Rytky pursuant to Rule 608 of the Maine Rules of Evidence. I have a witness named Gary Mills who is a Rockland resident and who is 26 years old and who is employed as a welder and who knows the State's principal witness, Alan Marriner, and has known him for approximately a year and a half. He would testify that he knows a number of people, approximately 15 I believe he testified to that are familiar with Alan Marriner and have known him for a long time, and that he has discussed with these individuals Alan Marriner's reputation for truth and veracity in the community, and that on September 21st, 1982 Alan Marriner's reputation for truth and veracity in the community of Rockland was bad.

District Attorney: I would object to that testimony. I don't think counsel has laid a proper foundation as the case law requires. I think that the witness has already answered the question by saying yes he knows about his reputation that people don't like him very much, and that's an indication that not only a foundation has not been laid but this witness doesn't have the proper foundation testimony to give. Under 403 this is a waste of time. It's a needless presentation of accumulative evidence and its—

The Court: Above that its' not admissible.

■ The record does not clearly demonstrate what action, if any, the court took with respect to the state's objection. The testimony given does not appear to have been stricken but the court's concluding remark can only be interpreted as sustaining the state's objection as to any further evidence which might be offered. On the basis of the offer of proof it is clear the proffered evidence was admissible under M.R.Evid. 608(a) and the court erred in sustaining the objection. *See* 3 J. Weinstein & M. Berger, *Weinstein's Evidence,* ¶ 608[03] at 608–19 (1982). The error is harmless, however, because we readily conclude it is highly probable that the error did not affect the judgment. *See State v. True,* 438 A.2d 460, 467 (Me.1981).

The entry shall be:

Judgment affirmed.

All concurring.