S91A0131. COLLINS v. ADAM CAB, INC.
(404 SE2d 560)

BENHAM, Justice.

Pursuant to Regulation 560-12-2-.84 (7) (b) of the Rules and Regulations of the Georgia Department of Revenue, appellant State Commissioner issued a tax assessment of $18,765.18 against appellee Adam Cab for failure to remit sales tax on fares for transportation for January through November 1986. We granted the Commissioner's application for discretionary review of the denial of his motion for summary judgment to determine whether the trial court correctly interpreted the revenue regulation.

1. Regulation 560-12-2-.84 allocates responsibility for the collection of the tax on fares for transportation of persons and the remittance thereof to the State Commissioner.[1] In 1983, Regulation 560-12-2-.84 was supplemented with the subparagraph at issue ((7) (b)),

---

[1] An owner and operator of a cab collects the tax on fares and remits it to the State Commissioner; one who leases or rents a cab from another who supervises his operations collects the tax and pays it to his lessor, who remits it to the State Commissioner; one who leases a cab which is partially operated by both the lessor and lessee collects the tax and remits it to the lessor for remittance to the State Commissioner; a cab driver who operates out of a headquarters for cabs, is supervised or directed by the headquarters operator or receives relayed calls from the headquarters operators collects the tax and pays it to the headquarters operator who remits it to the State Commissioner. An "independent" taxicab driver collects the tax and remits it directly to the State Commissioner.

which states:

> Due to the likelihood that the State would otherwise lose tax funds due to the difficulty of policing the business operations of taxicab drivers because of the nature of the business, the lack of an office or regular place of business and the turnover of drivers, headquarters operators and lessors of taxicabs shall collect the tax on fares for transportation of persons from their drivers as required above, and the term "headquarters operators" includes not only any person operating a headquarters for taxicabs and supervising or directing taxicab drivers, or receiving and relaying calls to cab driver members, but also any person or entity allowing use of the trade name of the headquarters or allowing any driver to hold himself out as being associated with the headquarters. The term "taxicab lessors" includes any person or entity leasing a vehicle to another person or entity for use as a taxicab.

The trial court found that, during the 11-month period in question, Adam Cab leased cabs bearing the Adam Cab logo to drivers and relayed calls to the drivers, thereby qualifying as a "headquarters operator" and a "taxicab lessor" under the amended revenue regulation. It then determined that the regulation required Adam Cab to remit to the State Commissioner only that tax on fares actually collected by its independent contractor drivers from their passengers.

In so ruling, the trial court failed to take into account the statement of public policy and concerns set forth in the amended regulation. There the Department of Revenue recognized the need to collect the tax on fares for transportation of persons; the vital role in the collection of the tax played by the taxicab driver; and the impossibility or impracticability, due to the nature of the business operations of taxicab drivers, of the State to collect the tax from the individual drivers. Because of those factors, the Department of Revenue placed the burden on the headquarters operators and taxicab lessors to collect the tax from the drivers for remittance to the State Commissioner.[2] It is clear that one who meets the regulatory definition of lessor or headquarters operator is in a better position to arrange with the individual drivers with whom it does business for the collection and remittance of the tax on fares than is the State, and that the

---

[2] The burden so placed is similar to the burden placed by OCGA § 48-8-2 (6) (G) on those who sell tangible personal property to persons for resale when there is a likelihood the State will lose tax funds due to the difficulty of policing the business operations of the retailer. Cf. *Independent Publishing Co. v. Hawes*, 119 Ga. App. 858 (168 SE2d 904) (1969).

regulation places that burden on the lessor or headquarters operator. Disagreeing with the trial court's interpretation of Regulation 560-12-2-.84 (7) (b), we reverse its judgment insofar as it limits Adam Cab's liability to the taxes actually collected by its independent contractor drivers.[3]

2. Our ruling in Division 1 does not require the grant of summary judgment to appellant. This case must be remanded to the trial court for consideration and resolution of the constitutional issues raised by appellee but not ruled upon by the trial court.

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JUNE 7, 1991.

*Michael J. Bowers, Attorney General, Daniel M. Formby, Senior Assistant Attorney General, Amelia Waller Baker, for appellant.*
*Clark & Clark, Fred S. Clark, for appellee.*

---

[3] That a driver may be an independent contractor does not mean he is an independent taxicab operator, individually responsible for remittance of the tax on fares to the State Commissioner, since "independent taxicab operator" is defined in the regulation as "a person totally unassociated with any headquarters operation and with any lessors of taxicabs and with any other taxicab business or driver." Reg. 560-12-2-.84 (7) (a).