## A00A1809. PROCK v. THE STATE.
### (541 SE2d 685)

BLACKBURN, Presiding Judge.

Robert Ray Prock appeals the portion of the trial court's order which denied his plea in bar on the charges of sale of marijuana and possession of more than one ounce of marijuana. For the reasons set forth below, we affirm.

"In reviewing a grant or denial of a double jeopardy plea in bar, this Court determines whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." *Hill v. State.*[1]

On August 18, 1998, Officer Eric Wilson issued a citation to Prock charging him with the sale of an alcoholic beverage to a minor. The citation also contained a summons which required Prock to appear on October 1, 1998, in the Henry County Probate Court. On September 11, 1998, Officer Wilson obtained a final warrant against Prock which charged that on August 18, 1998, Prock sold marijuana and an alcoholic beverage to a minor and also that Prock possessed marijuana on August 27, 1998, when the officer was executing a search warrant. These charges were bound over to superior court. Thereafter Prock failed to appear in Henry County Probate Court on October 1, 1998, according to the summons that had been issued, and a nonappearance warrant was issued. Prock was picked up and jailed on the nonappearance warrant on October 18, 1998, and four days later went before Judge Del Buttrill in Henry County Probate Court on the sale of an alcoholic beverage to a minor charge. Prock pled guilty, paid a fine, and received a suspended sentence.

On March 11, 1999, the Henry Superior Court Grand Jury returned an indictment against Prock charging him with three counts: Count 1 charged that Prock furnished an alcoholic beverage to an underage person on August 18, 1998; Count 2 charged that Prock unlawfully sold marijuana on August 27, 1998; and Count 3 charged that Prock unlawfully possessed marijuana on August 27, 1998. Prock filed a plea in bar to the indictment contending that his

---

[1] *Hill v. State,* 234 Ga. App. 173, 174-175 (1) (507 SE2d 3) (1998).

guilty plea to the charge of selling an alcoholic beverage to a minor constituted a bar to the present prosecution under the double jeopardy statutes of Georgia.[2] The State admitted that it was barred from prosecuting Prock on the sale of an alcoholic beverage to a minor charge. And the trial court granted Prock's plea regarding that charge but denied the plea on the other charges. The State contends that its prosecution on the remaining charges is not barred.

The Georgia statutes pertaining to double jeopardy offer no protection to Prock in this case. Multiple prosecutions for the same conduct are barred by OCGA § 16-1-7. However, the indictment charges Prock with the sale of an alcoholic beverage to a minor on one day and the possession and sale of marijuana nine days later. These charges arise from wholly unrelated incidents. Therefore, because the present indictment charges crimes which do not arise out of the same conduct, OCGA § 16-1-7 is inapplicable to the present case.

A prosecution is barred by a former prosecution as defined in OCGA § 16-1-8 (b), which provides, in pertinent part:

> A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . [r]esulted in either a conviction or an acquittal and the subsequent prosecution is for a crime of which the accused could have been convicted on the former prosecution [or] is for a crime with which the accused should have been charged on the former prosecution.

In the present case, the indictment charges two felony violations of the Georgia Controlled Substances Act. See OCGA § 16-13-30 (j). The Probate Court of Henry County did not have jurisdiction over felony charges, OCGA § 40-13-21, and, therefore, the present charges could not have been prosecuted in that court. Thus, OCGA § 16-1-8 (b) does not support a bar to the present charges regarding the alleged violations of the Georgia Controlled Substances Act. See *Blackwell v. State*[3] (OCGA § 16-1-8 (b) provides no protection when defendant could not have been prosecuted in traffic court for the felony charge presently pending in superior court).

The trial court did not err in denying Prock's plea in bar.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

---

[2] Although Prock's plea in bar filed with the trial court asserts that the pending charges are barred under the double jeopardy clause of the Georgia Constitution, this issue was not supported on appeal and is deemed abandoned. Court of Appeals Rule 27 (c) (2).

[3] *Blackwell v. State*, 230 Ga. App. 611, 612-613 (2) (b) (496 SE2d 922) (1998).

DECIDED NOVEMBER 7, 2000.

*Lee Sexton,* for appellant.

*Tommy K. Floyd, District Attorney, Blair D. Mahaffey, Assistant District Attorney,* for appellee.