## A02A0599. THE STATE v. PERKINS.
(569 SE2d 910)

ELLINGTON, Judge.

The State appeals an order of the Whitfield County Superior Court sustaining William Thomas Perkins' plea of former jeopardy and barring the instant vehicular homicide prosecution. Because this prosecution is barred by Perkins' prior conviction of the underlying lesser included offense of reckless driving, we affirm.

1. On November 2, 2000, Perkins was involved in an automobile collision that resulted in the death of Brenda Joyce Crider. A sheriff's deputy arrested Perkins and charged him in separate citations with vehicular homicide and reckless driving. Even though the deputy wrote "Superior Court" on the reckless driving citation, the Whitfield County Probate Court processed the citation instead of binding it over. On November 7, 2000, deputies took Perkins from jail to answer the reckless driving charge. Without benefit of counsel, 18-year-old Perkins pleaded guilty to the charge and was convicted of the offense.

On April 24, 2001, the district attorney indicted Perkins for reckless driving, OCGA § 40-6-390 (a), and for felony vehicular homicide, OCGA § 40-6-393 (a). At arraignment, Perkins filed a plea in bar on former jeopardy grounds. The district attorney responded with a motion to set aside Perkins' prior reckless driving conviction based upon OCGA § 40-6-376 (d). The trial court sustained the plea in bar, and the State timely brought this appeal under OCGA § 5-7-1 (a) (3).

The State does not contest that, but for the application of OCGA § 40-6-376, the instant prosecution would be barred on former jeopardy grounds. As the superior court correctly found, Perkins' reckless driving conviction is a lesser included offense of the vehicular homicide offense for which he was indicted. *Brock v. State*, 146 Ga. App. 78, 82 (245 SE2d 442) (1978); OCGA §§ 16-1-6; 40-6-390; 40-6-393 (a). "[A] conviction on a lesser-included offense bars subsequent trial on the greater offense." (Citations and punctuation omitted.) *State v. Burroughs*, 246 Ga. 393, 394 (271 SE2d 629) (1980); see also OCGA §§ 16-1-7 (a) (1); 40-6-376 (c). The State contends, however, that applying OCGA § 40-6-376 (d), Perkins' reckless driving conviction is "null and void" and therefore does not trigger double jeopardy protection.

The State argues that because the Whitfield County Probate Court lacked jurisdiction to try Perkins on his felony vehicular homicide citation,[1] it also lacked jurisdiction to try him on the underlying, lesser included misdemeanor reckless driving charge which arose out

---

[1] The Whitfield County Probate Court has jurisdiction over misdemeanor traffic offenses only. OCGA § 40-13-21 (a).

of the same events. Unfortunately, the plain language of OCGA § 40-6-376 (d) does not support this argument. The statute provides:

> No court, *other than a court having jurisdiction to try a person charged with a violation of Code Section 40-6-393*, shall have jurisdiction over any offense arising under the laws of this state or the ordinances of any political subdivision thereof, which offense arose out of the same conduct which led to said person's being charged with a violation of Code Section 40-6-393 and any judgment rendered by such court shall be null and void.

(Emphasis supplied.) OCGA § 40-6-376 (d). Because the Whitfield County Probate Court has jurisdiction to try misdemeanor vehicular homicide cases charged under OCGA § 40-6-393 (b), the probate court is, by definition, included among the courts "having jurisdiction to try a person charged with a violation of Code Section 40-6-393." OCGA § 40-6-376 (d). Because the legislature made no distinction between misdemeanor and felony grades of vehicular homicide under OCGA § 40-6-393 when it drafted OCGA § 40-6-376 (d), we must assume that it intended to include both grades. By its plain language, OCGA § 40-6-376 (d) did not divest the Whitfield County Probate Court of jurisdiction to try Perkins on the reckless driving charge. Accordingly, Perkins' reckless driving conviction was not "null and void," and the trial court properly sustained Perkins' plea in bar.

2. Perkins' conditional motion to transfer this case to the Supreme Court is denied.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur. Pope, P. J., and Smith, P. J., concur specially. Ruffin and Eldridge, JJ., dissent.*

POPE, Presiding Judge, concurring specially.

I am constrained to agree with the result reached by the majority in this case, but do so reluctantly because I do not believe that the legislature intended the result here. To the contrary, I agree with the dissent that OCGA § 40-6-376 was enacted to avoid such a result. But I cannot agree with the dissent that the statute as written can be construed to effectuate that intent. Certainty of legislative intent cannot compensate for omissions or oversights in statutory drafting — we must abide by the statute as it is plainly written. Here, as the majority notes, the legislature failed to distinguish between misdemeanor and felony grades of vehicular homicide when it drafted OCGA § 40-6-376, and we cannot rewrite the statute to make such a distinction. This is a job for the General Assembly, not the courts.

I am authorized to state that Presiding Judge Smith joins in this special concurrence.

ELDRIDGE, Judge, dissenting.

I respectfully dissent from the majority. The plain language of the statute demands the construction that the legislature obviously intended when the law was enacted 20 years ago.[2]

"The initial rule of statutory construction is to look to the legislative intent and to construe statutes to effectuate that intent. OCGA § 1-3-1 (a)."[3] With this principle in mind, OCGA § 40-6-376 (d) was enacted to prevent the type of scenario presented by this case, i.e., instances where — whether by inadvertence or chicanery — the lesser offense underlying a vehicular homicide gets separated from the homicide and disposed of in another court, thereby preventing prosecution on the vehicular homicide because of double jeopardy. From the plain meaning of the statute, the legislature intended that only a court with the jurisdiction to try a person on the vehicular homicide with which he is charged should be able to dispose of the offense underlying that charge. And, so, the statute states:

> No court, other than a court having jurisdiction *to try a person charged* with a violation of Code Section 40-6-393, shall have jurisdiction over any offense . . . which . . . arose out of the same conduct which led to *said person's being charged* with a violation of Code Section 40-6-393 and any judgment rendered by such court shall be null and void.[4]

The plain language of OCGA § 40-6-376 (d) goes to a court's ability *to try a person who has been charged* with a vehicular homicide violation. The language in the statute twice referring to *a person charged* with a violation cannot simply be ignored as mere surplusage.[5] And, although the special concurrence urges otherwise, it is not "rewriting the statute" to give meaning to all parts in order to effectuate the legislative intent. On the contrary, to ignore the plain language "*to try a person charged with* a violation of Code Section 40-6-393" and interpret the statute as stating "*to try a violation* of Code Section 40-6-393," as the majority does, is to "rewrite the statute." In my view, it is no answer at all to unnecessarily reverse a criminal conviction and then lay the onus on the General Assembly to rewrite a statute that has needed no revision for 20 years and which could

---

[2] Ga. L. 1982, p. 1694, § 2 (d).
[3] *Mikell v. State*, 270 Ga. 467, 468 (510 SE2d 523) (1999).
[4] (Emphasis supplied.) OCGA § 40-6-376 (d).
[5] *Tolbert v. Maner*, 271 Ga. 207, 208 (518 SE2d 423) (1999).

still serve if the plain language thereof was honored. To me, the incongruity lies not in the language of the statute, but in the current interpretation of this Court.

In that regard, the heart of the majority's reasoning is, and I quote from the majority, "[(1) since the] Probate Court has jurisdiction to try *misdemeanor* vehicular homicide cases charged under OCGA § 40-6-393 (b), [then, (2),] the probate court is, by definition, included among the courts 'having jurisdiction to try *a person charged* with a violation of Code Section 40-6-393.' "[6] However, the majority's premise (1) is a statement of subject matter jurisdiction over a general class of case, but the majority's conclusion (2) addresses the specific jurisdiction to try *a person charged* with a violation of vehicular homicide. This syllogism is invalid because the probate court is not "by definition included among the courts" with jurisdiction to try a person charged with a felony violation of OCGA § 40-6-393. The majority's analysis begs the question that the statute requires the courts to ask in order to determine jurisdiction, "What is the violation a person has been charged with?" This is because OCGA § 40-6-376 (d) serves to *divest* a court of jurisdiction it might otherwise have, not confer it. And, as the statute states, the distinction is in the violation charged against a person.

> Jurisdiction of the subject-matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases *to which that particular case belongs*. As applied to the subject-matter of a suit, jurisdiction is always conferred by law, and . . . if the pleadings state a case belonging to a general class *over which the authority of the court extends*, then jurisdiction attaches and the court has power to hear and determine the issues involved.[7]

In a criminal prosecution, the general class of case is identified by the charge.[8] So, although a probate court may have general jurisdiction over *misdemeanor* vehicular homicides, as the majority asserts, whether the Whitfield County Probate Court is "a court having jurisdiction to try a person charged with a violation of Code Section 40-6-393" depends exclusively on the charge against the person. And it is the statute's focus on the vehicular homicide violation with which a

---

[6] (Emphasis supplied.) Majority opinion, 256 Ga. App. at 855.

[7] (Citation, punctuation and emphasis omitted; emphasis supplied.) *Nicholson v. State*, 261 Ga. 197, 199 (4) (403 SE2d 42) (1991).

[8] See, e.g., id. at 200 (5) (b) (general class of case identified as "state traffic misdemeanor").

person has been charged that makes the distinction between "misdemeanor" and "felony" that the majority finds lacking. The statute's plain language, "a court with *jurisdiction to try a person charged* with a violation of Code Section 40-6-393," serves to divest a probate court of jurisdiction over an underlying misdemeanor offense when a person has been charged with a felony violation of OCGA § 40-6-393.[9]

In this case, Perkins was simultaneously charged with felony vehicular homicide under OCGA § 40-6-393 (a)[10] and with misdemeanor reckless driving. The probate court disposed of the misdemeanor reckless driving offense, with its sentence to run consecutive to any sentence imposed on the pending charge of felony vehicular homicide. The probate court had no authority to dispose of the reckless driving offense, since it did not have jurisdiction to try Perkins on the charge of felony vehicular homicide, as required by OCGA § 40-6-376 (d). Accordingly, the probate court's judgment entered on the reckless driving conviction is wholly void, and Perkins may be tried on the vehicular homicide.[11] The grant of Perkins' plea in bar should be reversed.

I am authorized to state that Judge Ruffin joins in this dissent.

DECIDED JULY 15, 2002 —
RECONSIDERATION DENIED JULY 31, 2002 ▆▆▆▆▆▆▆

*Kermit N. McManus, District Attorney*, for appellant.
*Ralph M. Hinman III*, for appellee.

---

[9] The General Assembly is empowered by the Constitution to define the jurisdiction of the state courts (Ga. Const. of 1983, Art. VI, Sec. III, Par. I).

[10] Reckless driving was charged as the underlying offense, rendering the vehicular homicide a felony. See OCGA § 40-6-393 (b).

[11] OCGA § 40-6-376 (d). See OCGA § 17-9-4.