## S02G1850. THE STATE v. PERKINS.
### (580 SE2d 523)

CARLEY, Justice.

William Thomas Perkins was charged in separate citations with felony vehicular homicide and reckless driving, both of which crimes arose out of the same automobile collision. Where a death is caused by reckless driving, the offense is felony vehicular homicide. OCGA § 40-6-393 (a). Perkins pled guilty in probate court to reckless driving and was convicted of only that offense. Thereafter, the grand jury indicted Perkins for felony vehicular homicide and for the underlying reckless driving offense. He filed a plea in bar on the ground of former jeopardy, and the State moved to set aside the prior reckless driving conviction in probate court pursuant to OCGA § 40-6-376 (d), which provides the following:

> No court, other than a court having jurisdiction to try a person charged with a violation of Code Section 40-6-393, shall have jurisdiction over any offense . . . which . . . arose out of the same conduct which led to said person's being charged with a violation of Code Section 40-6-393 and any judgment rendered by such court shall be null and void.

The trial court sustained the plea in bar, and the Court of Appeals affirmed, holding that Perkins' reckless driving conviction was not null and void under this statute, because the probate court had jurisdiction to try misdemeanor vehicular homicide cases charged under subsection (b) of OCGA § 40-6-393. *State v. Perkins*, 256 Ga. App. 855, 856 (1) (569 SE2d 910) (2002) (two judges concurred specially). Two judges dissented, opining that, because the specific focus of the statute is on the charge against a specific person, it divests a probate court of jurisdiction over an underlying misdemeanor offense, such as reckless driving, when that person has been charged with felony vehicular homicide. *State v. Perkins*, supra at 857-859 (Eldridge, J., dissenting). We granted certiorari to determine whether the Court of Appeals erred in construing OCGA § 40-6-376 (d). Because the dissenting judges correctly interpreted this statute, we reverse the judgment of the Court of Appeals.

In order to discern the meaning of the words of a statute, a court "must look at the context in which the statute was written, remembering at all times that 'the meaning of a sentence may be more than that of the separate words, as a melody is more than the notes.' [Cit.]" *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999). A probate court is not invested with broad "jurisdiction to try a person charged with a violation of Code Section 40-6-393. . . ." OCGA § 40-6-376 (d). Instead, it has limited jurisdiction to try some persons, but not

others, who are charged with that crime. Whether the probate court meets the description contained in OCGA § 40-6-376 (d) "depends exclusively on the charge against the person." *State v. Perkins*, supra at 858 (Eldridge, J., dissenting). The determinative factor is whether the vehicular homicide charge is a felony under subsection (a) of OCGA § 40-6-393 or a misdemeanor under subsection (b). OCGA § 40-13-21 (a). Thus, the applicability of OCGA § 40-6-376 (d) to a probate court hinges on the distinction between felony and misdemeanor grades of vehicular homicide. Where, as here, a person is charged with felony vehicular homicide, the probate court does not have jurisdiction to try the person for that charge, and the code section's restrictions on jurisdiction over underlying offenses apply.

This analysis is confirmed by the statute's subsequent reference to a court's lack of jurisdiction over any offense arising "out of the same conduct which led to *said person's* being charged with a violation of Code Section 40-6-393. . . ." (Emphasis supplied.) OCGA § 40-6-376 (d). "The word 'said,' when used as an adjective, means 'aforementioned.'" *Aguilar v. State*, 621 SW2d 781, 783 (Tex. Crim. App. 1981). See also Black's Law Dictionary, p. 1337 (7th ed. 1999). Thus, the statute narrowly divests a court of jurisdiction over certain underlying traffic offenses charged against the particular person whose vehicular homicide charge cannot also be considered by that court.

Furthermore, we broadly construe the word "charged" in OCGA § 40-6-376 (d), in accordance with its ordinary meaning in criminal contexts, to refer to an "[a]ccusation of crime by complaint, indictment, or information." Black's Law Dictionary, p. 212 (5th ed. 1979). "[A] uniform traffic citation and complaint form . . . shall serve as the citation, summons, accusation, or other instrument of prosecution of the offense or offenses for which the accused is *charged*. . . ." (Emphasis supplied.) OCGA § 40-13-1. Thus, an accused is "charged" with an offense as soon as a uniform traffic citation is issued. Accordingly, the issuance of a uniform traffic citation and complaint form charging Perkins with felony vehicular homicide clearly triggered the jurisdictional limitations in OCGA § 40-6-376 (d). The fact that an indictment was later necessary under OCGA §§ 17-7-70 (a) and 40-13-3 in order to bring Perkins to trial for the violation of OCGA § 40-6-393 (a) did not destroy the validity of the uniform traffic citation as the initial charging document. See OCGA § 40-13-3. The citation for felony vehicular homicide was not void, but merely expired and was superseded as the charging instrument by the indictment. See *Smith v. State*, 239 Ga. App. 515, 517 (2) (521 SE2d 450) (1999); *Ramsey v. State*, 189 Ga. App. 91, 94 (375 SE2d 63) (1988). Therefore, pursuant to OCGA § 40-6-376 (d), the probate court never acquired jurisdiction to try Perkins for reckless driving.

Even assuming OCGA § 40-6-376 (d) to be ambiguous, the courts must keep "in mind the purpose of the statute [cits.] and " 'the old law, the evil, and the remedy." OCGA § 1-3-1 (a).' [Cits.]" *Busch v. State*, supra at 592. The purpose of OCGA § 40-6-376 (d) is undoubtedly to prevent the scenario where, as here, whether by inadvertence or chicanery, "the lesser offense underlying a vehicular homicide gets separated from the homicide and disposed of in another court, thereby preventing prosecution on the vehicular homicide because of double jeopardy." *State v. Perkins*, supra at 857 (Eldridge, J., dissenting). This purpose applies equally regardless of whether, as here, the court which disposes of the underlying offense is without jurisdiction to try the person charged with vehicular homicide because it is of felony grade or whether the court has no jurisdiction with respect to any grade of vehicular homicide. In either case, the old law, as stated in *Brock v. State*, 146 Ga. App. 78 (245 SE2d 442) (1978), is just as problematic, and the same remedy is equally appropriate.

For double jeopardy purposes, vehicular homicide and reckless driving are the same offense. *Brock v. State*, supra. However, under the jurisdictional exception to the bar of former jeopardy, " '[a] party who has been tried and convicted by a court not having jurisdiction of the offense cannot plead prior jeopardy if subsequently indicted for the same offense in a court having jurisdiction thereof.' [Cits.]" *State v. Ramsey*, 143 Ga. App. 191-192 (237 SE2d 666) (1977). See also *Prock v. State*, 246 Ga. App. 703 (541 SE2d 685) (2000); *State v. Manzanares*, 674 P2d 511 (N.M. 1983); Anno., 4 ALR3d 874, § 4 [a]; Anno., 75 ALR2d 683, § 5. Compare *Hall v. Matthews*, 210 Ga. 401, 402 (80 SE2d 167) (1954), disapproved on other grounds, *Deyton v. Wanzer*, 240 Ga. 509, 510 (241 SE2d 228) (1978). Under OCGA § 40-6-376 (d), as properly construed, the judgment entered by the probate court on the reckless driving charge against Perkins is "null and void." Accordingly, the trial court erred in sustaining the plea in bar based upon an incorrect interpretation of OCGA § 40-6-376 (d), and the Court of Appeals erred in affirming that erroneous ruling.

The record shows, however, that Perkins challenged the constitutionality of OCGA § 40-6-376 (d) on grounds which the trial court did not have to address, because of its determination that the statute did not apply. In light of our reversal of the ruling on the question of statutory construction, we direct the Court of Appeals to remand this case to the trial court for consideration and resolution of any constitutional issues which were properly raised by Perkins, but which were not ruled upon. *Collins v. Adam Cab*, 261 Ga. 305, 307 (2) (404 SE2d 560) (1991); *Board of Commissioners of Henry County v. Welch*, 253 Ga. 682, 684 (2) (324 SE2d 178) (1985); *Department of Medical Assistance v. Columbia Convalescent Center*, 203 Ga. App. 535, 536 (2) (417 SE2d 195) (1992).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MAY 5, 2003 —
RECONSIDERATION DENIED JUNE 2, 2003.

*Kermit N. McManus, District Attorney*, for appellant.
*Ralph M. Hinman III*, for appellee.