**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 5, 2017**

# In the Court of Appeals of Georgia

A17A0066. GOODWIN v. THE STATE.

MERCIER, Judge.

Valerie Goodwin was charged by accusation in the Superior Court of Hall County with obtaining a controlled substance by theft (hydrocodone) (Count 1) and misdemeanor theft by taking of tramadol (Count 2). Following a bench trial, Goodwin was found guilty of both offenses, and she appealed the judgment of conviction and sentence entered on those verdicts. In Case No. A15A2213 ("*Goodwin I*"), this Court reversed Goodwin's conviction on Count 1, because Goodwin had not waived formal indictment of that offense, a felony, and indictment was required pursuant to OCGA § 17-7-70 (a). Thus, we found that the Superior Court of Hall County did not have jurisdiction over that offense. We affirmed Goodwin's conviction on Count 2.

The State subsequently indicted Goodwin for obtaining a controlled substance by theft (hydrocodone), with the charging language in the indictment being identical to that in Count 1 in the former accusation. Goodwin filed a Plea in Bar and Motion to Dismiss the Indictment, which the trial court denied. Goodwin appeals, contending that the "subsequent prosecution is barred by the procedural aspect of the double jeopardy provisions of the U.S. and Georgia Constitutions contained in OCGA §§ 16-1-7 and 16-1-8, and by the principle of res judicata." For the reasons that follow, we agree that subsequent prosecution of this offense is barred, and reverse the trial court's denial of Goodwin's plea in bar.

"In reviewing a trial court's ruling on a motion for plea in bar, where the evidence is uncontroverted and no question is presented regarding the credibility of witnesses, we review de novo the trial court's application of the law to the undisputed facts." *Pierce v. State*, 294 Ga. 842, 843 (1) (755 SE2d 732) (2014).

> The United States and Georgia Constitutions proscribe a defendant's being twice placed in jeopardy for the same offense. United States Constitution, Fifth Amendment; Georgia Constitution, Art. I, Sec. I, Par. XVIII. O.C.G.A. §§ 16-1-6, 16-1-7, and 16-1-8 extend the proscription of double jeopardy beyond those constitutional limits by placing limitations upon multiple prosecutions, convictions and punishments for

the same criminal conduct. *Stone v. State*, 166 Ga. App. 245 (1) (304 SE2d 94) (1983).

*State v. Martin*, 173 Ga. App. 370 (326 SE2d 558) (1985).

> These statutory provisions distinguish between two aspects of double jeopardy – first, limitations upon multiple prosecutions for crimes arising from the same conduct (referred to as the *procedural* bar of double jeopardy); and, second, limitations upon multiple convictions or punishments that may be imposed for such crimes (referred to as the *substantive* bar of double jeopardy).

*Stephens v. Hopper*, 241 Ga. 596, 598-599 (1) (247 SE2d 92) (1978) (discussing former OCGA §§ 26-505, 26-506, 26-507).

> OCGA § 16-1-8 (b) provides, in pertinent part, that:

> [a] prosecution is barred if the accused was formerly prosecuted for a different crime or for the same crime based on upon different facts, if such former prosecution: (1) Resulted in either a conviction or an acquittal and the subsequent prosecution is for a crime for which the accused could have been convicted on the former prosecution, is for a crime with which the accused should have been charged on the former prosecution (unless the court ordered a separate trial of such charge), or is for a crime which involves the same conduct, unless each prosecution requires proof of a fact not required on the other prosecution or unless the crime was not consummated when the former trial began.

OCGA § 16-1-8 (d) provides, in pertinent part, that:

> [a] prosecution is not barred within the meaning of [OCGA § 16-1-8] if:
> (1) The former prosecution was before a court which lacked jurisdiction
> over the accused or the crime; or (2) Subsequent proceedings resulted
> in the invalidation, setting aside, reversal, or vacating of the conviction,
> unless the accused was thereby adjudged not guilty or unless there was
> a finding that the evidence did not authorize the verdict.

OCGA § 16-1-7 (b) pertinently provides that "[i]f the several crimes arising from the

same conduct are known to the proper prosecuting officer at the time of commencing

the prosecution and are within the jurisdiction of a single court, they must be

prosecuted in a single prosecution."

> To constitute a "previous prosecution" within the meaning of O.C.G.A.
> §§ 16-1-7 (b) and 16-1-8 (b), the defendant previously must have been
> "placed in jeopardy" as to at least one of the offenses arising out of the
> same conduct as the offense for which the State is subsequently
> attempting to prosecute him. . . .As a general rule, a person is in jeopardy
> when he is regularly charged with a crime before a court of competent
> jurisdiction and a trial has commenced.

*State v. Smith*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988) (citations omitted).

> A defendant is placed in constitutional jeopardy when, in a court of
> competent jurisdiction with a sufficient indictment, he has been arraigned,
> has pled and a jury has been impaneled and sworn[, whereas] the

4

doctrine of procedural double jeopardy, which is subsumed under the rubric of O.C.G.A. § 16-1-7 . . . protects a defendant from multiple prosecutions arising from the same conduct in situations where constitutional double jeopardy would not be a defense.

*Martin*, supra at 371 (citations, punctuation and footnote omitted).

Here, it is indisputable that the two offenses (the misdemeanor charge of which Goodwin stands convicted, and the felony charge that was improperly accused in her first trial and for which the State has subsequently indicted her) arose from the same conduct and were known to the prosecuting officer at the time the previous prosecution was commenced. The offenses were within the jurisdiction of a single court, in that they could both be tried in the Superior Court of Hall County. See *Etienne v. State*, 298 Ga. App. 149, 150 (679 SE2d 375) (2009); *Mann v. State*, 160 Ga. App. 527, 528 (160 SE2d 527) (1981); *Brock v. State*, 146 Ga. App. 78, 79-80 (245 SE2d 442) (1978). Goodwin was placed in jeopardy as to Count 2 (theft by taking of tramadol, a misdemeanor), and her trial resulted in a conviction on that count. Although constitutional jeopardy did not attach to Count 1 (obtaining a controlled substance by theft (hydrocodone)) in the former prosecution because that offense was not within the jurisdiction of the trial court as a result of the State's failure to indict it,

5

constitutional jeopardy *did* attach to the misdemeanor in Count 2, and thus procedural double jeopardy prevents a subsequent prosecution of offenses arising from the same transaction. See *Martin*, supra; *McCannon v. State*, 252 Ga. 515, 517 (315 SE2d 413) (1984); *State v. Stowe*, 167 Ga. App. 65, 66-67 (2) (306 SE2d 663) (1983); compare *Armstrong v. State*, 281 Ga. App. 297 (635 SE2d 880) (2006) (indictment and retrial were not barred where the offenses, all felonies which required indictment, were charged on an accusation and a jury was impaneled and sworn to try the defendant on the accusation, which was then dismissed, because the trial court did not have jurisdiction over those offenses); *McCrary v. State*, 254 Ga. 382, 383-384 (2) (329 SE2d 473) (1985) (defendant could be re-indicted for felony murder with aggravated assault as the underlying felony when he had previously been found guilty of felony murder as a lesser included offense of malice murder, where the reversal was the result of the trial court having instructed the jury on the underlying felony offense of robbery, which was not included in the indictment, but where aggravated assault was included in the former indictment).

The burden was on the State to properly indict the offense of obtaining a controlled substance by theft (hydrocodone), and to prosecute that charge simultaneously with the offense of theft by taking of tramadol. See *Martin*, supra. The

State contends that it *did* charge Goodwin with obtaining a controlled substance by theft in the former prosecution and "attempt[ed] to prosecute both offenses in one prosecution." However, Goodwin was not properly charged in the Superior Court of Hall County. It is not sufficient that Goodwin was "on notice" of the felony offense, as the State argues. Further, the State is correct that Goodwin's conviction on the count in question was not overturned on the basis of insufficient evidence, and thus OCGA § 16-1-8 (d) provides that "a prosecution is not barred within the meaning of" OCGA § 16-1-8. However, OCGA § 16-1-7 (b) still applies.

The State argues that cases such as *Mann*, supra, are distinguishable from the instant case on the basis that *Mann* "involved a guilty plea as a result of criminal conduct. . . .that the defendant could have expected to end criminal prosecution." This argument is unavailing. "[A] plea of guilty to an indictment or complaint with its entry on the record and acceptance by the trial judge constitutes jeopardy for purposes of O.C.G.A. §§ 16-1-7 (b) and 16-1-8 (b)." *Smith v. State*, 185 Ga. App. 694, 696 (365 SE2d 846) (1988).

In denying Goodwin's plea in bar, the trial court relied on *Keener v. State*, 238 Ga. 7 (230 SE2d 846) (1976), and the State relies on that case in its argument to this Court. In *Keener*, the defendant waived indictment and entered guilty pleas on several

accusations, on charges including armed robbery, burglary, and possession of a sawed-off shotgun. Id. The guilty pleas and sentences on the armed robbery counts were set aside for lack of jurisdiction because indictment could not be waived on capital felony charges. Id. When he was indicted for the two armed robbery counts, Keener contended that, because he stood convicted and punished for possession of a sawed-off shotgun during the armed robberies and the crime was legally and factually the same offense as the armed robberies, he could not be subsequently prosecuted on the armed robbery indictments. Id.

The Supreme Court of Georgia held as follows:

[w]here crimes are tried separately it is generally held that if multiple convictions arising out of a single prosecution are barred they will likewise be barred from successive prosecution. Therefore when crimes are to be prosecuted separately the more serious known crimes should be prosecuted first to avoid the conviction of a lesser crime barring a subsequent prosecution for a more serious crime. But, where there is a conviction of two crimes in a single prosecution *one of which is included in the other* and the defendant obtains a reversal of the major crime for lack of jurisdiction the remaining conviction of the lesser crime does not bar a retrial on the major crime.

Id. at 8 (emphasis supplied). The instant case, in contrast, does not involve included or lesser crimes, but two separate and distinct offenses.

The trial court also cited *Pierce v. State*, supra. The reasoning in that case does not apply here, as *Pierce* did not involve a subsequent prosecution for the same crime. Instead, *Pierce* dealt with a trial court's order authorizing a defendant to withdraw his original guilty pleas and convictions, the vacating of that order on the appellant's own motion, and the subsequent reinstatement of those guilty pleas and convictions. *Pierce*, supra at 843-844 (1). The *Pierce* Court explained, "there was not in this case a second prosecution." Id. at 844.

*Judgment reversed. Barnes, P. J., and McMillian, J., concur.*