## 67418. PARKER v. THE STATE.

POPE, Judge.

Willie Alvin Parker brings this appeal from his conviction of operating a motor vehicle after having been declared an habitual violator and of driving under the influence of alcohol. *Held*:

1. Appellant first cites as error the trial court's denial of his motion in autrefois convict. The basis of this motion was appellant's purported conviction of two traffic offenses (following too close and driving without insurance) in the Recorder's Court of Forest Park. Appellant argues that because the subject offenses arose out of the same conduct as the offenses tried in recorder's court, the subsequent prosecution of the subject offenses in superior court was barred by OCGA § 16-1-7 (b).

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . . ." However, this statute does not preclude successive state and municipal prosecutions, only successive prosecutions for state crimes. See *State v. Burroughs*, 244 Ga. 288 (1) (260 SE2d 5) (1979), vacated on other grounds, Burroughs v. Georgia, 448 U. S. 903 (100 SC 3044, 65 LE2d 1134) (1980). Thus, appellant's conviction for following too close, based upon violation of a local ordinance, did not bar the later prosecution from which appellant brings this appeal.

The record discloses that appellant's conviction for driving without insurance was based upon violation of a state law. See OCGA § 33-34-12 (a). This was apparently accomplished by reliance upon OCGA § 33-34-12 (b), which purports to vest a recorder's court with jurisdiction to try and dispose of driving-without-insurance cases, even though such cases concern a violation of state law. Appellant argues that since he was prosecuted in recorder's court for violation of state law, the provisions of OCGA § 16-1-7 (b) precluded his later prosecution in superior court. We do not agree. A statute worded similarly to OCGA § 33-34-12 (b), but dealing with misdemeanor marijuana offenses, was held unconstitutional by our Supreme Court insofar as it attempted to vest jurisdiction in a municipal court to try offenses against the state. *State v. Millwood*, 242 Ga. 244 (248 SE2d 643) (1978). On the basis of the opinion in *Millwood*, we are persuaded that the Recorder's Court of Forest Park lacked jurisdiction to try appellant for driving without insurance, a violation of state law. See 1980 Op. Att'y Gen. U80-4. Under the statutory scheme, OCGA § 16-1-8 sets forth the consequences for failure to comply with the provisions of OCGA § 16-1-7 (b) and the circumstances under which such penalty will be imposed. *Trimble v. State*, 156 Ga. App. 9 (274 SE2d

10) (1980). Under OCGA § 16-1-8 (d), "[a] prosecution is not barred within the meaning of this Code section if: (1) The former prosecution was before a court which lacked jurisdiction over the accused or the crime. . . ." Since the recorder's court lacked jurisdiction to try appellant for violation of a state law (here, driving without insurance), OCGA § 16-1-7 (b) provided no bar to appellant's subsequent prosecution in superior court.

"Furthermore, since there is nothing in the record here which shows that [any of the] convictions were based upon proof of the same facts, appellant has no viable claim of double jeopardy under the United States Constitution. Cf. *State v. Burroughs*, 246 Ga. 393 (271 SE2d 629) (1980). The fact that [all four] crimes 'arose from the same intoxication' has no bearing on this issue. There is no merit to this enumeration of error for any reason assigned." *Fuller v. State*, 169 Ga. App. 468, 469 (313 SE2d 745) (1984).

2. Appellant's second enumeration assigns error to the trial court's admitting over objection State's Exhibit # 1. This exhibit is a letter to appellant from the Department of Public Safety advising him that his application for an habitual violator probationary license had been approved, provided he attend a state approved driver improvement clinic and take an alcohol course. This letter was handed to the arresting officer in response to his request to see appellant's driver's license. Appellant advised the officer that he did not have a driver's license because the state had taken it. Appellant's objection to this exhibit at trial was "on the grounds it's irrelevant and hasn't been properly identified," and although he asserts a multitude of grounds here, we will limit our review to the objection made at trial.

" 'Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant.' [Cits.]" *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). Appellant was charged with operating a motor vehicle after having been declared an habitual violator by the Department of Public Safety and without having first obtained a valid driver's license. State's Exhibit # 1, which related to appellant's status as a licensed driver in this state, was clearly relevant to the issues raised by this charge. See OCGA § 24-2-1. Moreover, the arresting officer's testimony that State's Exhibit # 1 was the document handed to him by appellant instead of appellant's driver's license was sufficient identification of the exhibit. See Green, Ga. Law of Evidence (2nd ed.), § 88. Therefore, the grounds asserted by appellant in his objection to State's Exhibit # 1 are without merit.

3. Appellant's final enumeration of error challenges the sufficiency of the evidence to support his conviction of operating a motor vehicle after having been declared an habitual violator and without

having obtained a valid driver's license after revocation. OCGA § 40-5-58 (c) provides in part that "it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section, if such person has not thereafter obtained a valid driver's license." There was direct evidence that appellant was operating a motor vehicle without a valid driver's license. Appellant's admission to the arresting officer that the state had taken his driver's license, in conjunction with State's Exhibit # 1, was circumstantial evidence that appellant had been declared an habitual violator by the Department of Public Safety and had received notice thereof pursuant to OCGA § 40-5-58 (b). "[T]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with such reasonable inferences of guilt as are ordinarily drawn by ordinary men in the light of their experiences in everyday life, but shall exclude every other reasonable inference, so drawn, save that of the guilt of the accused." *Moye v. State*, 70 Ga. App. 890 (1) (29 SE2d 791) (1944); OCGA § 24-4-6. Applying this rule to the evidence of record in this case, any rational trier of fact could have found appellant guilty beyond a reasonable doubt of operating a motor vehicle after having been declared an habitual violator, to the exclusion of every other reasonable hypothesis except that of appellant's guilt. Cf. *Key v. State*, 166 Ga. App. 546 (305 SE2d 20) (1983); *Stewart v. State*, 165 Ga. App. 62 (1) (299 SE2d 134) (1983); *Hester v. State*, 159 Ga. App. 642 (2) (284 SE2d 659) (1981). See also *Ragan v. Smith & Gordon*, 103 Ga. 556 (29 SE 759) (1897).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 21, 1984 —
REHEARING DENIED MARCH 16, 1984 —

*Martin L. Cowen III*, for appellant.
*Robert E. Keller, District Attorney, William L. McKinnon, Assistant District Attorney*, for appellee.