## 75584. THOMAS v. THE STATE.
(364 SE2d 630)

BENHAM, Judge.

After being stopped by a Department of Natural Resources ranger, appellant was cited by the ranger for three hunting law violations. He was also cited for driving under the influence of alcohol, that citation being issued by a deputy sheriff called to the scene by the ranger. All the citations were made returnable to probate court, with a hearing scheduled for December 12, 1986, on the hunting violations, and a hearing scheduled on December 19, 1986, on the DUI charge. On December 12, appellant entered a plea of not guilty to the hunting violation charges, and a trial commenced before the probate

court. During that trial, the probate judge became aware of the DUI charge and continued the trial over appellant's objection for the purpose of consolidating the charges. When the hearing recommenced, the probate court announced that it had concluded, after conducting research on this case, that the entry of pleas of not guilty to the hunting violation charges had stripped it of jurisdiction. The cases were bound over to superior court, where appellant filed a plea of former jeopardy to the DUI charge. The denial of that plea is the subject of this appeal.

The jurisdiction of the probate court is enlarged by OCGA § 27-1-35 to authorize that court to receive guilty pleas in cases involving violations of Title 27, Game and Fish. Nothing in that section or any other section of which we are aware enlarges that jurisdiction to permit trials in the probate court in cases in which defendants plead *not* guilty to violations of Title 27. We conclude, then, as did the probate court and the superior court in this case, that the probate court lost jurisdiction of the hunting violation cases at the moment appellant entered his pleas of not guilty.

"Under OCGA § 16-1-8 (d), 'a prosecution is not barred within the meaning of this Code section if: (1) The former prosecution was before a court which lacked jurisdiction over the accused or the crime.' " *Parker v. State*, 170 Ga. App. 333 (1) (317 SE2d 209) (1984). Since, as we have ruled, the probate court lost jurisdiction to try the hunting violations when appellant entered pleas of not guilty, the later prosecution is not barred, and the trial court did not err in denying appellant's plea of former jeopardy.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1988.

*Barry G. Irwin*, for appellant.

*John M. Ott, District Attorney, Eugene M. Benton, Assistant District Attorney*, for appellee.