## A93A0356. JACKETT v. THE STATE.
(432 SE2d 586)

JOHNSON, Judge.

Roger Dale Jackett was convicted of two counts of simple battery by a magistrate sitting as a state court judge. Two days later, the state court entered an order setting aside Jackett's conviction because the magistrate did not meet the statutory requirements to sit as a state court judge.[1] The state court rescheduled Jackett's trial on the two simple battery charges. Jackett filed a plea of former jeopardy, which the trial court denied. Jackett directly appeals from the court's denial of his plea, contending that the double jeopardy provisions of the United States Constitution, the Georgia Constitution and OCGA § 16-1-8 bar the State from retrying him on the simple battery charges.[2]

The federal and state constitutions do not bar a retrial of Jackett because jeopardy did not attach at his first trial, which was not in a court of competent jurisdiction. *State v. Martin*, 173 Ga. App. 370, 371 (326 SE2d 558) (1985); *White v. State*, 143 Ga. App. 315, 317-318 (3) (238 SE2d 247) (1977). OCGA § 16-1-8 (d) (1) also specifically provides that a former prosecution before a court which lacked jurisdiction does not bar a retrial on the same charges. Because Jackett's original trial was before a court which lacked jurisdiction, the trial court did not err in denying Jackett's plea of former jeopardy. *State v. Millwood*, 242 Ga. 244, 246 (248 SE2d 643) (1978); *Parker v. State*, 170 Ga. App. 333, 334 (1) (317 SE2d 209) (1984).

*Judgment affirmed. Blackburn and Smith, JJ., concur.*

DECIDED MAY 26, 1993 —
RECONSIDERATION DENIED JUNE 18, 1993 —

*Donn M. Peevy*, for appellant.
*Gerald N. Blaney, Jr., Solicitor*, for appellee.

---

[1] The magistrate had not been admitted to practice law for five years as required by OCGA § 15-7-21 (a) (1).

[2] A defendant may directly appeal from a denial of a plea of double jeopardy. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982).