## S03A1467. MAYO v. THE STATE.
### (594 SE2d 333)

FLETCHER, Chief Justice.

Terrance Lamar Mayo appeals his convictions for malice murder, two counts of aggravated assault, and possession of a firearm during the commission of a crime, contending only that the evidence presented at trial was insufficient to support his convictions.[1] The evidence was sufficient; however, because the prosecution for murder proceeded under an accusation rather than under an indictment in violation of OCGA § 17-7-70, we reverse Mayo's conviction for malice murder.

The evidence at trial showed that on December 1, 2001, a friend of Mayo's, Damien Davenport, was involved in a minor car accident with the victims, Juan and Samuel Peralta. Davenport and the victims discussed the incident and Davenport agreed to accept $500 cash for the damage to his car. Mayo then drove up and shot the Peraltas, killing Samuel and paralyzing Juan.

1. Mayo's only contention is that the evidence was insufficient to support his convictions. He claims that the evidence showed that Davenport was the shooter. There was overwhelming evidence, however, that Mayo was the shooter. One witness testified that he saw

---

[1] The crimes occurred on December 1, 2001. A Polk County grand jury indicted Mayo for malice murder, felony murder, two counts of aggravated assault, and possession of a firearm during the commission of a crime. There was an error in the indictment, however. Because he was seeking an early trial date, Mayo agreed to waive re-presentment of the case to the grand jury and proceed under an accusation that alleged the same crimes but corrected the error in the indictment. The accusation was filed on May 10, 2002. On May 22, 2002, a Polk County jury convicted Mayo on the malice murder, aggravated assault, and possession counts. Mayo was sentenced to life in prison for the malice murder, twenty consecutive years for one of the aggravated assault counts, and five consecutive years probation for the possession. The second aggravated assault count merged into the first aggravated assault count for sentencing purposes. Mayo filed a timely motion for new trial on June 18, 2002, which he amended on January 28, 2003. The trial court denied Mayo's amended motion on April 9, 2003, and he filed a timely notice of appeal on May 7, 2003. His case was docketed in this Court on June 20, 2003, and submitted on the briefs on August 11, 2003.

Mayo fire a shot, and other witnesses (some of whom were Mayo's relatives) testified that they saw Mayo approach the victims with a gun. These witnesses also testified that Davenport was not armed, and the State's medical examiner opined that the shots were fired from a position inconsistent with Davenport's location. The evidence also showed that Mayo and the victims had an altercation at a gas station a month before the shooting.

After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Mayo was guilty of the crimes for which he was convicted.[2]

2. OCGA § 17-7-70 requires that capital felony cases proceed under an indictment.[3] Without an indictment, the trial court has no subject matter jurisdiction to dispose of such a case, and any judgment it renders is void.[4] It makes no difference that Mayo stipulated to proceeding under an accusation — "[p]arties cannot, by their consent, confer subject matter jurisdiction on a court that does not otherwise have it."[5] Although the parties did not raise this issue on appeal, "when this court discovers from the record on appeal that a judgment has been rendered by a court having no jurisdiction of the subject matter, it will of its own motion reverse the judgment."[6]

Accordingly, Mayo's conviction for malice murder is hereby reversed. However, his convictions for aggravated assault and possession of a firearm during the commission of a crime are affirmed. Those crimes are not capital felonies, and could therefore properly proceed under an accusation with Mayo's consent.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] OCGA § 17-7-70 (a) provides:

In all felony cases, other than cases involving capital felonies, in which defendants have been bound over to the superior court, are confined in jail or released on bond pending a commitment hearing, or are in jail having waived a commitment hearing, the district attorney shall have authority to prefer accusations, and such defendants shall be tried on such accusations, provided that defendants going to trial under such accusations shall, in writing, waive indictment by a grand jury.

OCGA § 17-7-70 (b) provides:

Judges of the superior court may open their courts at any time without the presence of either a grand jury or a trial jury to receive and act upon pleas of guilty in misdemeanor cases and in felony cases, except those punishable by death or life imprisonment, when the judge and the defendant consent thereto. The judge may try the issues in such cases without a jury upon an accusation filed by the district attorney where the defendant has waived indictment and consented thereto in writing and counsel is present in court representing the defendant either by virtue of his employment or by appointment by the court.

[4] *Weatherbed v. State*, 271 Ga. 736, 737-738 (524 SE2d 452) (1999).

[5] Id. at 739.

[6] *Gray v. Gray*, 229 Ga. 460, 461 (192 SE2d 334) (1972).

CARLEY, Justice, concurring.

I concur fully in the judgment affirming in part and reversing in part, since the evidence was constitutionally sufficient to support the convictions, yet the trial court had no jurisdiction over the malice murder charge. I write separately to point out that, because of that absence of jurisdiction and our reversal of the void murder conviction, the State may now elect to indict and try Mayo for malice murder. See *State v. Perkins*, 276 Ga. 621, 623 (580 SE2d 523) (2003); *Jackett v. State*, 209 Ga. App. 112 (432 SE2d 586) (1993); *Parker v. State*, 170 Ga. App. 333-334 (1) (317 SE2d 209) (1984); OCGA § 16-1-8 (d) (1), (2). Indeed, *Weatherbed v. State*, 271 Ga. 736, 739 (524 SE2d 452) (1999) itself recognized that the State could still indict the defendant.

DECIDED MARCH 8, 2004.

*Paul R. Cadle, Jr.*, for appellant.

*Gerry E. Holmes, District Attorney, Charles M. Norman, Elizabeth L. Larson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.