## S04A0265. ROBINSON v. THE STATE.

(598 SE2d 466)

HUNSTEIN, Justice.

Rodger Alexander Robinson is charged with malice murder, felony murder, burglary, aggravated battery, and other offenses. He allegedly entered the apartment of his estranged wife, shot and killed his sister-in-law, and beat and shot his wife, who survived. The State is seeking the death penalty. In a pretrial motion, the State requested that the trial court rule OCGA § 15-12-165, the statute which grants a criminal defendant twice as many peremptory juror challenges as the State, to be unconstitutional. After a hearing, the trial court granted the motion. We granted the application for interim review and reverse.

1. The Georgia statute authorizing twice as many peremptory challenges for a criminal defendant than for the State was first codified in 1833. Laws 1833, Cobb's 1851 Digest, p. 835; *Sealy v. State*, 1 Ga. 213, 216 (1846). It has existed continuously since that time, with only minor variation from the language currently employed in the statute:

> Every person indicted for a crime or offense may peremptorily challenge 12 of the jurors impaneled to try him. The state shall be allowed one-half the number of peremptory challenges allowed to the accused; provided, however, in any case in which the state announces its intention to seek the death penalty, the person indicted for the crime may peremptorily challenge 20 jurors and the state shall be allowed one-half the number of peremptory challenges allowed to the accused.

OCGA § 15-12-165. See also Code of 1863 § 4530; Code of 1873 § 4643.

The State postulates that because Robinson's case involves a male defendant and two female victims, one of whom is deceased, that the defense will strike women because they are women and that the State will strike men because they are men. The State surmises that in order to achieve this result, the parties will utilize the first ten strikes to strike male or female jurors by offering a satisfactory gender neutral reason. It asserts that the discriminatory effect of OCGA § 15-12-165 occurs after each side has exercised the ten peremptory strikes, when the defendant can continue to strike females from the jury while the State, having exhausted all its peremptory strikes, cannot strike males. The trial court declared OCGA § 15-12-165 unconstitutional after finding that the State had standing to assert the equal protection rights of the potential jurors and

that OCGA § 15-12-165 authorizes the disparate treatment of similarly situated potential jurors by gender.

We need not embark on an extended discussion of equal protection law or *Batson*[1] and its progeny as it applies to the State's equal protection argument that each party will exercise its peremptory challenges to remove potential jurors based on their gender, because it is unconstitutional for a prosecutor or defense counsel to exercise a peremptory challenge to a prospective juror because of the juror's race or gender. See *J.E.B. v. Alabama*, 511 U. S. 127, 143 (114 SC 1419, 128 LE2d 89) (1994); *Georgia v. McCollum*, 505 U. S. 42 (112 SC 2348, 120 LE2d 33) (1992). *Batson, J.E.B.* and *McCollum* seek to prevent discrimination in the jury selection process.

> [T]he Equal Protection Clause prohibits discrimination in jury selection on the basis of gender, *or on the assumption that an individual will be biased in a particular case for no reason other than the fact that the person happens to be a woman or happens to be a man.* As with race, the "core guarantee of equal protection, ensuring citizens that their State will not discriminate . . . , would be meaningless were we to approve the exclusion of jurors on the basis of such assumptions, which arise solely from the jurors' [gender]." [Cit.]

(Emphasis supplied.) *J.E.B.*, supra, 511 U. S. at 146. If either party in this case exercises any of its peremptory challenges with alleged discriminatory intent, a remedy already exists in the form of a *Batson/J.E.B.* motion. See *Drane v. State*, 271 Ga. 849 (1) (523 SE2d 301) (1999).

2. "[I]t is important to recall that peremptory challenges are not constitutionally protected fundamental rights; rather, they are but one state-created means to the constitutional end of an impartial jury and a fair trial." *Georgia v. McCollum*, supra, 505 U. S. at 57. The General Assembly has seen fit to grant to the defendant a greater number of peremptory challenges than it grants to the prosecution in an effort to afford the defendant a fair and impartial jury.[2] While a

---

[1] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).

[2] See also *Swain v. Alabama*, 380 U. S. 202, 216 (85 SC 824, 13 LE2d 759) (1965) ("[B]y 1870, most, if not all, States had enacted statutes conferring on the prosecution a substantial number of peremptory challenges, the number generally being at least half, but often equal to, the number had by the defendant"), overruled on other grounds by *Batson v. Kentucky*, supra. While many states have moved to a system with equivalent numbers of challenges between the State and defense, others allot a larger number to defendants. See N.J. Stat. Ann. § 2B:23-13 (2004) (defendant facing trial for murder entitled to 20 peremptory challenges with the State allowed 12 peremptory challenges); Md. Code Ann., Courts and Judicial Proceedings § 8-301 (2004) (defendant facing death penalty permitted 20 peremptory challenges while State is permitted

defendant may utilize a larger number of peremptory challenges, it is never allowable for a defendant to use a peremptory challenge to dismiss a juror based solely on sex or race; therefore, the sheer fact that the State has fewer challenges than the defendant is in no way violative of the equal protection of the challenged jurors. Accordingly, because the law currently provides a remedy for jurors who are struck for illegal reasons by the defense, the order of the trial court finding OCGA § 15-12-165 unconstitutional is reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 28, 2004.

*William W. West, R. Gary Spencer, Michael Mears, Sarah L. Gerwig, James C. Bonner, Jr.,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.
*John R. Martin, Nicholas A. Lotito,* amici curiae.

---

10); S.C. Code Ann. § 14-7-1110 (2004) (defendant charged with murder is permitted 10 peremptory challenges while State is allotted 5).