S05A0728. PERKINS v. THE STATE.
(614 SE2d 92)

FLETCHER, Chief Justice.

The question in this case is whether a criminal defendant's prior conviction by a court lacking subject matter jurisdiction bars retrial of that defendant in a court having subject matter jurisdiction. We hold that it does not, and therefore affirm the superior court.

This is the second time this case has been before this Court.[1] On November 2, 2000, William Thomas Perkins was involved in an automobile collision that resulted in the death of Brenda Crider. Perkins was cited for reckless driving, and pled guilty to this offense in Whitfield County Probate Court. The probate court imposed a three-month probated sentence, which Perkins served. He also paid fines totaling $184 and his driver's license was suspended for six months. Perkins was subsequently indicted for felony vehicular homicide and for the same reckless driving offense in Whitfield County Superior Court.

---

[5] Sarajane Love, Redfearn Wills and Administration in Georgia, § 182 (5th ed. 1996 Supp.).
[1] *State v. Perkins*, 276 Ga. 621 (580 SE2d 523) (2003).

The first time this case was before us, the issue was whether the probate court conviction should be set aside as null and void under OCGA § 40-6-376 (d). We answered in the affirmative, but limited our opinion to construction of this statute. We deferred Perkins's claims that the double jeopardy clauses of the state and federal constitutions barred his retrial until such time as the superior court had ruled upon them.[2] The superior court subsequently ruled that double jeopardy did not bar Perkins's retrial, and Perkins appeals.

1. This Court has held that when a court had no subject matter jurisdiction to try a defendant, any conviction entered by that court is null and void.[3] We have also recognized that a defendant whose conviction is so voided may be retried without the attachment of procedural double jeopardy.[4] Therefore, Perkins may be tried on the felony indictment in superior court. Any issues of substantive double jeopardy that may arise if Perkins is convicted in superior court are not properly before us today.

2. Perkins's contention that OCGA § 40-6-376 (d) is unconstitutional on its face is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 30, 2005.

*Ralph M. Hinman III*, for appellant.
*Kermit N. McManus, District Attorney*, for appellee.

---

[2] Id. at 623.

[3] *Mayo v. State*, 277 Ga. 645, 646 (594 SE2d 333) (2004); *Weatherbed v. State*, 271 Ga. 736, 736-737 (524 SE2d 452) (1999).

[4] *Weatherbed*, 271 Ga. at 739; *Mayo*, 277 Ga. at 647 (Carley, J., concurring).