**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: March 4, 2025

S24A0979. THE STATE v. RILEY.

ELLINGTON, Justice.

Brendan Riley was charged with, and convicted of, murder and other crimes in connection with the shooting death of Glentis Wheeler. The State appeals the trial court's orders granting, on the ground of ineffective assistance of counsel, Brendan Riley's amended motion for new trial as to all counts, except Count 5, of his six-count charging document. The face of Riley's charging document was arguably ambiguous as to whether the charges against him had been brought by a Fulton County grand jury or by Paul Howard, the then-District Attorney of Fulton County. And because, by statute, certain crimes can only be charged by a grand jury, including most of the crimes with which Riley was charged, he contends that his trial counsel was ineffective for failing to challenge the charging

document with a general demurrer, which, in Riley's view, would have resulted in most of his charges being dismissed. We reverse because the charging document was not so obviously deficient that any reasonable attorney would have filed a general demurrer, and because no controlling precedent supports that Riley's charging document would have been dismissed even if a general demurrer were filed.

Georgia law recognizes several different forms of charging documents with different statutory requirements for each. Relevant here are two of those forms: an indictment, which is brought by a grand jury, and an accusation, which is brought by a county district attorney. In Georgia, any criminal offense can be charged by indictment, and many offenses can be charged, in the alternative, by accusation, under certain conditions. See generally OCGA §§ 17-7-70, 17-7-70.1, 17-7-71. For example, certain enumerated felonies can be charged by accusation when a defendant has waived indictment or a court has found probable cause to exist after a hearing. See

2

OCGA §§ 17-7-70, 17-7-70.1 (a).[1]

The Georgia Code sets out certain requirements for accusations and indictments, including a requirement that the form of these charging documents substantially comply with prescribed statutory requirements. Under OCGA § 17-7-54, an indictment must charge an offense in the terms and language set out in the Georgia Code "or so plainly that the nature of the offense charged may easily be understood by the jury," and "[t]he form of every indictment shall be substantially" that the grand jurors of the charging county "charge and accuse" the defendant of the specific offenses.[2] The form of an

---

[1] That subsection provides that in felony cases involving violations of the enumerated felonies, and

> in which defendants have either been bound over to the superior court based on a finding of probable cause pursuant to a commitment hearing . . . or have expressly or by operation of law waived a commitment hearing, the district attorney shall have authority to prefer accusations, and the defendants shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury.

OCGA § 17-7-70.1 (a).

[2] OCGA § 17-7-54 provides, in full: (a) Every indictment of the grand jury which states the offense in the terms and language of this Code or so plainly that the nature of the offense charged may easily be understood by the jury shall be deemed sufficiently technical and correct. The form of every indictment shall be substantially as follows:

accusation is set out in OCGA § 17-7-71, which states that an accusation is sufficient if it "substantially compl[ies]" with the prescribed language that "the undersigned, as prosecuting attorney for the county and state aforesaid," "does charge and accuse" the defendant with the specific offenses.[3]

Georgia, _____ County.

The grand jurors selected, chosen, and sworn for the County of _____, to wit: _____, in the name and behalf of the citizens of Georgia, charge and accuse (name of the accused) of the county and state aforesaid with the offense of _____; for that the said (name of the accused) (state with sufficient certainty the offense and the time and place of committing the same), contrary to the laws of said state, the good order, peace, and dignity thereof.

(b) If there should be more than one count, each additional count shall state:

And the jurors aforesaid, in the name and behalf of the citizens of Georgia, further charge and accuse (name of the accused) with having committed the offense of _____; for that the said (name of the accused) (state with sufficient certainty the offense and the time and place of committing the same) contrary to the laws of said state, the good order, peace, and dignity thereof.

[3] That statute provides in pertinent part:

(d) An accusation substantially complying with the following form shall in all cases be sufficient:

IN THE _____ COURT OF _____ COUNTY STATE OF GEORGIA

On behalf of the people of the State of Georgia, the undersigned, as prosecuting attorney for the county and state aforesaid, does hereby charge and accuse (name of accused) with the offense of _____; for that the said (name of accused) (state with sufficient certainty the offense and the time and place it occurred) contrary to the laws of this state, the good order, peace, and dignity

4

The charging document against Riley was filed on August 16, 2013, alleging the crimes of murder (Count 1), felony murder (Counts 2 and 3), aggravated assault with a deadly weapon (Count 4), possession of a firearm by a first offender probationer (Count 5), and possession of a firearm during the commission of a crime (Count 6) in connection with Wheeler's shooting death on September 12, 2012. Most of these charges – Counts 1 through 4 and Count 6 – require indictment by a grand jury. See OCGA §§ 17-7-70 (indictments not waivable for crimes "punishable by death"); 17-7-70.1 (a) (not enumerating malice murder, felony murder, aggravated assault with a deadly weapon and possession of a firearm during the

---

thereof.
/s/
(District attorney)
(Solicitor-general)
(e) If there should be more than one count, each additional count shall state:
The undersigned, as prosecuting attorney, does further charge and accuse the said (name of accused) with the offense of _____ (the offense as before); for that the said (name of accused) (state with sufficient certainty the offense and the time and place it occurred), contrary to the laws of this state, the good order, peace, and dignity thereof.
OCGA § 17-7-71 (d) and (e).

commission of a crime as felonies as to which an indictment may be waived). But the charging document here contains language indicating both that the charges against Riley were brought by the grand jury, thus supporting that it is an indictment, and that the charges were brought by the district attorney, supporting that it is an accusation.

The document is entitled "INDICTMENT," and a handwritten notation on the first page indicates a "True BILL" with the date August 16, 2013. A signature appears underneath that notation on a line designated for the "Grand Jury Foreperson." The signature line for the then-district attorney, Paul Howard, Jr., is blank. The second page contains a list of grand jurors, "selected, chosen and sworn for the County of Fulton." However, the document makes no further reference to a grand jury.

Instead, the first count of the indictment begins, "On behalf of the People of the State of Georgia, the undersigned, Paul L. Howard, Jr., District Attorney, as prosecuting attorney for the County and State aforesaid, does charge and accuse BRENDAN NICHOLAS

6

RILEY with the offense of MURDER. . . ." (Emphasis omitted.) Each of the subsequent counts likewise provides that "[t]he undersigned, as prosecuting attorney, does further charge and accuse BRENDAN NICHOLAS RILEY with the offense of. . . ." (Emphasis omitted.) The last two pages of the charging document in the record contain a witness list. No further signature appears on the document.

Based on this charging document, Riley was tried before a Fulton County jury in March 2015, and the jury found him guilty on all counts.[4] Riley subsequently filed a motion for new trial, which he later amended, alleging the general grounds, see OCGA §§ 5-5-20 and 5-5-21; trial court error in the jury instructions; and ineffective assistance of counsel, including that his trial counsel was deficient in failing to challenge the charging document. He argued that the charging document contains no indication that a grand jury charged him with any crime. Thus, he asserted the charging

---

[4] The trial court sentenced Riley to serve life in prison on Count 1 and merged Counts 2 through 4 into Count 1. The trial court further sentenced Riley to serve five years in prison on Count 5, to run concurrently with Count 1, and five years in prison on Count 6, to run consecutively to Count 1.

document failed to meet the statutory requirements to constitute an indictment and, instead, was an accusation because the charges state they were brought by the district attorney. Riley also argued that because the crimes charged in Counts 1 to 4 and Count 6 could not lawfully be brought by accusation, the trial court lacked jurisdiction to try those charges. See OCGA §§ 17-7-70 (indictments not waivable for crimes "punishable by death"); 17-7-70.1 (a) (1) (setting out the felony charges that, under certain circumstances, can be brought by accusation instead of indictment); *Mayo v. State*, 277 Ga. 645, 646 (2) (594 SE2d 333) (2004) (holding that under former OCGA § 17-7-70, trial court had no jurisdiction to dispose of a capital felony case in the absence of an indictment). Therefore, Riley contended that his trial counsel was ineffective in not challenging the charging document by general demurrer. See *State v. Heath*, 308 Ga. 836, 840 (843 SE2d 801) (2020) (holding that where the State conceded that trial counsel performed deficiently in failing to file a general demurrer to counts in defendant's indictment that did not properly charge the underlying predicate offenses to her

8

alleged crimes, the resulting prejudice for failing to file the demurrer after jeopardy attached was sufficient to support a claim of ineffective assistance of counsel).

The trial court held a hearing on Riley's amended motion for new trial on January 16, 2024, during which Riley's trial counsel was the sole witness. Although trial counsel had no specific recollection of the indictment in this case, she testified that, generally, she has a strategic reason for everything she does in representing a client in a criminal case, but she could not identify, ten years after the fact, what her strategy was regarding the charging document in Riley's case. However, looking at the charging document ten years later at the motion hearing, trial counsel's interpretation was that there was no fatal defect as the document shows that the prosecutor's office took a valid true bill from the grand jury.

In assessing Riley's claim of ineffective assistance of counsel, the trial court granted Riley's motion for new trial as to Count 1 to

4 and Count 6.[5] In so ruling, the trial court agreed with Riley that the charging document failed to meet the requirements for an indictment under OCGA § 17-7-54 and instead met the requirements of an accusation under OCGA § 17-7-70.1 and 17-7-71. The trial court determined that because an accusation cannot, by law, charge an accused with the crimes of murder, felony murder, aggravated assault, and/or possession of a firearm during the commission of a felony, see OCGA § 17-7-70.1 (a), trial counsel performed deficiently in failing to challenge the indictment at Riley's trial after jeopardy attached. **V.4: 238-39;244»** Further, counsel's deficient performance "prejudiced the outcome of the case as [Riley] would not have been adjudicated under any sentence, especially a life sentence on Counts One, Two and/or Three as well as convictions and sentences on Counts Four and Six, as all of these counts were

---

[5] The trial court found, however, that the charge of possession of a firearm by a first offender probationer in Count 5 could properly be brought by accusation, see OCGA § 17-7-70.1 (a), and that Riley had completed his sentence for that crime.

brought before this Honorable Court without jurisdiction."[6]

While we acknowledge that the charging document here is not unambiguously an indictment, it contains certain indications that it is an indictment. But we need not determine the nature of the charging document in this appeal because the sole issue before us is whether Riley's counsel rendered ineffective assistance by failing to challenge that document by general demurrer. To establish his claim of ineffective assistance of counsel, Riley must prove both that his counsel's performance was deficient and that the deficient performance prejudiced him. See *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). "To prove deficient performance, a defendant must show that [his] counsel performed in an objectively unreasonable way considering all the circumstances and in light of prevailing professional norms," *Ward v. State*, 313 Ga. 265, 273 (4) (869 SE2d 470) (2022) (citation and punctuation omitted). Proving deficient performance

is no easy showing, as the law recognizes a strong

---

[6] The trial court did not, however, address the remaining arguments Riley raised in his motion for new trial.

presumption that counsel performed reasonably, and [Riley] bears the burden of overcoming this presumption. To carry this burden, he must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not. In particular, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course.

*Park v. State*, 314 Ga. 733, 740-741 (2) (879 SE2d 400) (2022) (citation and punctuation omitted). See also *Strickland*, 466 U.S. at 689 (III) (A). "To satisfy the prejudice prong, a defendant must establish a reasonable probability that, in the absence of counsel's deficient performance, the result of the trial would have been different." Id. (citing *Strickland*, 466 U. S. at 694 (III) (B)). If Riley fails to make a sufficient showing on one part of the *Strickland* test, we need not address the other. See *Bowman v. State*, 319 Ga. 573, 576-577 (2) (905 SE2d 605) (2024).

Moreover, we note that "[t]he standard regarding ineffective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel rendering reasonably effective assistance." *Harris v. State*, 280 Ga. 372, 375 (3) (627 SE2d 562)

(2006) (citation and punctuation omitted). And "the mere fact that present counsel would have pursued a different strategy does not render trial counsel's strategy unreasonable." *Tyson v. State*, 312 Ga. 585, 599–600 (d) (864 SE2d 44) (2021) (citation and punctuation omitted). See also *Lewis v. State*, 312 Ga. 537, 545 (III) (863 SE2d 65) (2021) (explaining that "while other counsel . . . may have exercised different judgment . . . [that] does not require a finding that the representation below was so inadequate as to amount to a denial of effective assistance of counsel") (cleaned up)); *Lanier v. State*, 310 Ga. 520, 525 (3) (a) (852 SE2d 509) (2020) ("The fact that appellate counsel would have pursued the defense in different ways does not render trial counsel ineffective.") (citation and punctuation omitted).

And it is well established that "[a] criminal defense attorney does not perform deficiently when he fails to advance a legal theory that would require "an extension of existing precedents and the adoption of an unproven theory of law." *Esprit v. State*, 305 Ga. 429, 438 (2) (c) (826 SE2d 7) (2019) (citation and punctuation omitted).

13

Thus, we have held that where "existing precedent does not resolve" the issue of whether a legal argument would support a demurrer, a defendant cannot show that trial counsel's failure to file a demurrer asserting that argument amounted to deficient performance. *Moss v. State*, 311 Ga. 123, 129-130 (2) (b) (856 SE2d 280) (2021). See also *Griffin v. State*, 309 Ga. 516, 520 (2) (847 SE2d 168) (2020) (Where an issue of law has not yet been "squarely decided," "trial counsel's failure to raise a novel legal argument does not constitute ineffective assistance of counsel.") (citation and punctuation omitted); *Rhoden v. State*, 303 Ga. 482, 486 (2) (a) (813 SE2d 375) (2018) ("[T]here is no requirement for an attorney to prognosticate future law in order to render effective representation. Counsel is not obligated to argue beyond existing precedent.") (citations and punctuation omitted).

On appeal, the State asserts that the trial court erred in partially granting Riley's motion because Riley failed to show deficient performance on the part of his trial counsel in failing to file a general demurrer. We agree. The charging document here was ambiguous at best, and there is a colorable argument that it

14

satisfied the requirements for an indictment. Therefore, we cannot say that no reasonable lawyer would look at the charging document and conclude it was not an indictment. And we have located no binding precedent foreclosing the possibility that it qualifies as an indictment or requiring the trial court to dismiss the charges in Counts 1 to 4 and Count 6 if a general demurrer had been filed, nor has Riley pointed us to such authority.

In other words, Riley raises an argument that to succeed would require an extension of existing legal precedent. And that novel argument is not one that is so obvious and compelling that no reasonable lawyer would have failed to raise it. Accordingly, Riley has not shown that his trial counsel performed deficiently in failing to raise it, and his claim of ineffective assistance of trial counsel fails on this ground. See *Moss*, 311 Ga. at 129-130 (2) (b).

Thus, the trial court therefore erred in granting Riley's motion for new trial as to Counts 1 to 4 and Count 6 on this ground, and we reverse the trial court's decision. However, because the trial court also failed to address the remaining arguments in Riley's amended

15

motion for new trial, we remand this case to the trial court for the resolution of those claims. See *State v. Newman*, 305 Ga. 792, 798 (3) (827 SE2d 678) (2019).

*Judgment reversed and case remanded with direction. All the Justices concur.*